**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Rachel Gilchrist, et al.,

Plaintiffs,

v.

Arizona Department of Child Safety, et al.,

Defendants.

No. CV-25-03389-PHX-DWL

**ORDER**

Having previously granted Plaintiffs' application to proceed in forma pauperis (Doc. 7), the Court screens the first amended complaint ("FAC") (Doc. 10) pursuant to 28 U.S.C. § 1915(e)(2)[1] and dismisses the FAC with leave to amend.

I.      Legal Standard

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action,

---

[1]      Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

supported by mere conclusory statements, do not suffice." *Id.* On the other hand, "[i]f the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then . . . the very prolixity of the complaint [makes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

II.     The FAC

The FAC does not set forth a coherent narrative of the relevant events and actions, but this much is clear: two children (designated in the FAC as "Child A" and "Child B")[2] were allegedly removed from the custody of pro se Plaintiffs Rachel Gilchrist (the children's biological mother) and John Gilchrist (biological father of one of the two children) by Defendant Arizona Department of Child Safety ("DCS"). (Doc. 10.) Attached

---

[2]     Attached to the FAC are state court materials containing the children's full names. It is unclear whether either child is still a minor at this time, as nearly ten years have passed since the attached "Dependency Mediation Results and Order" issued. (Doc. 10 at 40-49.) The Court will order the Clerk to seal the FAC in case either child remains a minor.

- 2 -

to the FAC are, *inter alia*, various state court records from Maricopa County Superior Court dependency case no. JD529818, dated April 2016, including two copies of a document entitled "Dependency Mediation Results and Order," which indicates that Plaintiffs agreed to the placement of the children with Joshua Cool, who is the biological father of one of the children and a "[n]on-licensed relative" of the other child. (*Id.* at 46.) Plaintiffs assert that the dependency was "void ab initio," that "[a]ll actions taken under JD528918 were ultra vires and unconstitutional," and that Plaintiffs did not learn that the dependency "was never legally initiated" until 2025, when "concealed records, misidentified court documents and familial disclosures revealed" "key defects," including lack of "personal service of the March 11 [2016] petition," certain alleged procedural flaws, and various complaints about the children's care (*e.g.*, vaccination without Plaintiffs' consent, visitation restrictions, concerns with placement). (*Id.* at 4.)

The FAC names as Defendants (1) DCS, (2) former DCS Director Greg McKay, (3) current DCS Director Kathryn Ptak, (4) Brandi Curley, the assigned DCS caseworker in 2016, (5) Jenna Oden Garcia, the Assistant Attorney General who prosecuted the dependency, (6) Sarah Priestley, the children's guardian ad litem, and (7-8) "Investigator 1" and "Investigator 2," who "were present for the warrantless removal [of the children] on March 13, 2016." (*Id.* at 6.) All of the individual defendants are named in their individual capacities. (*Id.*)

Plaintiffs seek $45,360,000 in compensatory damages, $90,720,000 in punitive damages, declaratory relief establishing that "Case No. JD528918 was never adjudicated and was void ab initio," "[a]ll orders entered therein lacked jurisdiction and legal effect," "[t]he March 11, 2016 petition was never properly served," "DCS violated Plaintiffs' First, Fourth, and Fourteenth Amendment rights," "Arizona lacked jurisdiction under the PKPa," and "[a]ll DCS actions were ultra vires," as well as injunctive relief requiring DCS to erase the "dependency history related to JD528918," correct its internal records, produce unredacted case files and placement logs, and otherwise unravel the dependencies." (Doc. 10 at 21-22.)

III.    Analysis

### A.    DCS Is A Non-Jural Entity

"DCS is a non-jural entity that cannot be sued" and "is therefore dismissed without leave to amend." *Jimenez-Bencebi v. Arizona*, 2024 WL 2923715, *9 (D. Ariz. 2024).

### B.    Absolute Immunity

"[T]he initiation and pursuit of child-dependency proceedings [are] prosecutorial in nature and warrant[] absolute immunity on that basis." *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003).  Furthermore, "[a]bsolute immunity from liability under 42 U.S.C. § 1983 has been accorded state employees responsible for the prosecution of child neglect and delinquency petitions, the guardian ad litem who serves as an advocate for the children in such proceedings, and psychologists and psychiatrists who provide information and findings for use in the proceedings by the State Department of Social Services . . . because their participation in the court proceedings is an integral part of the judicial process." *Babcock v. Tyler*, 884 F.2d 497, 501-02 (9th Cir. 1989).

As such, Garcia (the Assistant Attorney General who prosecuted the dependency) and Priestley (the children's guardian ad litem) are immune and are dismissed without leave to amend.

### C.    Rule 8

The remaining Defendants are the current and former director of DCS, a DCS employee, and "Investigator 1" and "Investigator 2," who "were present for the warrantless removal [of the children] on March 13, 2016" (Doc. 10 at 6).  Far from being a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2), the complaint is a lengthy hodgepodge of allegations, many of which are sentence fragments in bullet point form, such that it is not possible to discern the meaning and significance because no subject-verb construction establishes who did what.  The allegations do not create a cohesive narrative, and there is no easily discernable connection between the events described and the legal conclusions asserted.  There is no way to determine what conduct, by which defendants, supports the various causes of action.  Rule

8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for." *McHenry*, 84 F.3d at 1178. Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

Plaintiff's amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Plaintiff is advised that if the amended complaint fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the first amended complaint is found to be deficient. *See Ferdik v. Bonzelet*,

963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 6 at 7.)

Accordingly,

**IT IS ORDERED** that the FAC (Doc. 10) is **dismissed** with leave to file a Second Amended Complaint by **April 3, 2026**. The Second Amended Complaint must adhere to LRCiv 7.1.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a Second Amended Complaint by **April 3, 2026**, the Clerk of Court shall terminate the action.

Dated this 13th day of March, 2026.

Dominic W. Lanza
United States District Judge

- 6 -